### WASHBURN et al. v. BETZ.

(Supreme Court, Appellate Division, Second Department. June 23, 1905.)

AGENCY—EVIDENCE OF AUTHORITY.

That it was within the general authority of S., as general manager of defendant's brewery in New York, to make the contract that he did for construction of a pavilion in a village near New York City for the sale of beer, is sufficiently proved by evidence that, when plaintiff called on

defendant for pay for the construction, he stated that S. was in entire charge of the business of the brewery and its affairs in New York City, and had the entire supervision and management thereof, and that while he would not pay the bill,· as his attention had never been called to the matter, he would send it to his lawyers to have it investigated, and plaintiff would hear from him later.

Appeal from Trial Term, Westchester County.

Action by Harvey M. Washburn and others against John F. Betz. From a judgment for plaintiffs on the report of a referee, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and RICH, JJ.

Bernard M. L. Ernst (Abram I. Elkus and James C. McEachen, on the brief), for appellant.

James Dempsey, for respondents.

WILLARD BARTLETT, J.　Some errors were committed in the rulings upon evidence, which, however, must be regarded as harmless, in view of the unobjectionable proof sustaining the conclusions reached by the referee.　The plaintiffs, who are carpenters and builders, sued to recover the agreed value of materials furnished and work performed in the construction and erection of a frame pavilion for the sale of beer near Annsville Creek, in the village of Peekskill.　There was evidence amply sufficient to sustain a finding that an agreement was made for putting up this building between the plaintiffs, on the one hand, and Mr. Max Schoenthal, the general manager of the defendant's brewery in New York, on the other.　Testimony was introduced in behalf of the plaintiffs tending to show not only that Mr. Schoenthal ordered a sketch or plan of the proposed structure, but that after the pavilion was completed a bill made out against the defendant was presented to Mr. Schoenthal for payment, and he promised to pay it.　This would not have sufficed to bind the defendant, however, without some proof that it was within the scope of the authority of Mr. Schoenthal, as the general manager of the defendant's New York brewery, to enter into a contract in behalf of the defendant for the construction of a building.　I think that such proof was furnished by the testimony of Mr. James Dempsey, the attorney for the plaintiffs, who called upon the defendant personally in Philadelphia in reference to the plaintiffs' bill after it had been placed in his hands for collection.　"I personally interviewed Mr. Betz, the defendant," he said, "in Philadelphia, in or about May, 1902.　Mr. Betz stated that Mr. Schoenthal was in entire charge of the business of the Manhattan Brewery and its affairs in New York City, and it was only in some very important matters that it came to his personal attention, as he left its entire supervision and management of this business to Mr. Schoenthal.　His reason for not paying was that his attention had never been called to this matter, as it had never been called to similar matters in connection with the affairs of the brewery.　He said he would send the papers to his lawyer, and have the matter investigated, and that I would hear from him later.　I

heard thereafter from him through·his attorney in this case." It seems to me that in this interview the defendant recognized the authority of Mr. Schoenthal to act for him in such a matter as procuring a building to be erected in his behalf to promote the sale of the product of the Manhattan Brewery, and that the subsequent refusal to pay the bill of the plaintiffs was induced by Mr. Schoenthal's denial that he had ever entered into the agreement which formed the basis of the plaintiffs' claim. As has already been pointed out, however, the evidence is quite adequate to support a finding that such a contract was actually made by or at the instance of Mr. Schoenthal, and, such being the fact, I think the referee was justified in holding that the contract was the defendant's contract.

For these reasons, I advise an affirmance of this judgment.

Judgment affirmed, with costs. All concur.